UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD JOSEPH MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN,<br><br>　　　　Defendant. | CASE NO. 1:17-cv-00173-MJS (PC)<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 7)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared in the action.

Before the Court is Plaintiff's February 17, 2017 request for a temporary restraining order and preliminary injunction. (ECF No. 7.) Therein, Plaintiff seeks to be housed in a single cell.

**I.	Legal Standard**

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v.

Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

## II. Discussion

On February 14, 2017, the Court screened Plaintiff's complaint, concluded that it failed to state a claim upon which relief could be granted, and dismissed it with leave to amend. (ECF No. 6.) Thus, at this stage of the proceedings, there is no operative pleading and Plaintiff has heretofore failed to state a cognizable claim. The Court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims.

Additionally, Plaintiff's allegations do not suggest a real and immediate threat of irreparable injury. Rather, his concerns that he will be attacked if housed with a cell mate appear to be largely hypothetical. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.").

Plaintiff does not address the third or fourth elements, the balancing of equities and public interest concerns. At this stage, there is nothing to tip the balance of equities in Plaintiff's favor. And, while the public has an interest in protecting inmates from harm, the record before the Court does not justify the Court substituting its judgment regarding Plaintiff's housing placement for that of institutional staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

## III. Conclusion and Order

Based on the foregoing, Plaintiff's request for a temporary restraining order and motion for preliminary injunctive relief are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   February 24, 2017         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

3