UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD JOSEPH MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN,<br><br>    Defendant. | CASE No. 1:17-cv-00173-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 10)**<br><br>**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

The Court screened Plaintiff's complaint, found that it failed to state a claim, and dismissed it with leave to amend. (ECF No. 6.) His first amended complaint is before the Court for screening. (ECF No. 10.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("SATF"), but complains of acts that occurred at San Quentin State Prison, High Desert State Prison, and SATF. He names Scott Kernan, Secretary of CDCR, as the sole named defendant. He also names "Multiple John Does."

Plaintiff's first amended complaint is substantially similar to his initial complaint. Plaintiff states that, at some point, at an undisclosed institution, he was questioned by correctional officers who threatened to house him with an inmate who would rape him if he did not answer their questions. Plaintiff refuses to identify the officers or the institution out of fear of retaliation. As a result of that encounter, Plaintiff believes he must be housed in a single cell. Transferring Plaintiff to another unit or prison, or placing him in Administrative Segregation is insufficient. Only single cell housing will do.

The majority of his complaint is comprised of boilerplate legal standards and generalized allegations regarding the risks of double-celling in prisons, as well as the lack of privacy and other indecencies.

He seeks an injunction placing him on permanent single cell status as well as money damages.

**IV.    Analysis**

  **A.    Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v.

3

Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint does not state any facts regarding Defendant Kernan, other than that he is responsible for what is apparently a state-wide policy in favor of double celling. This is insufficient to demonstrate that Kernan participated in a violation of Plaintiff's rights or knew of a violation but failed to act. Plaintiff fails to state a claim against Kernan. He previously was advised of this requirement and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

### B. Fourth Amendment

Plaintiff appears to allege a privacy violation under the Fourth Amendment resulting from double celling and the fact that others can see into his cell. The precise nature of this claim is unclear. Nonetheless, the general legal standard that would appear applicable to such a claim is provided below.

"A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." Hudson v. Palmer, 468 U.S. 517, 527-28 (1984). "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Id. at 526.

Plaintiff previously was advised of this deficiency. The defect cannot be cured through amendment. Further leave to amend will be denied.

### C. Eighth Amendment

#### 1. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation,

4

medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff does not allege any actual, specific risk of harm to him from double-celling. His concerns appear to be purely speculative. This defect does not appear capable of being cured through amendment. Further leave to amend will be denied.

### 2.   Conditions of Confinement

Plaintiff appears to allege that double celling, in itself, constitutes an unconstitutional condition of confinement. However, double-celling, by itself, does not violate the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337 (1981).

Like a failure to protect claim, a conditions of confinement claim has both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the minimal civilized measure of life's necessities." Id.  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9. Second, the prison official must have acted with "deliberate indifference" to a substantial risk of serious harm to the inmate. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an

5

excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff does not meet this standard. Further leave to amend appears futile and will be denied.

### G. Fourteenth Amendment

Plaintiff appears to allege that the threats made to him by unidentified officers at an undisclosed prison constitute arbitrary actions that violate the Fourteenth Amendment. However, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Furthermore, being assigned to a single-cell has not been found to be a right protected by the Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 542 (1979). Generally, prison classifications do not give rise to a federal liberty interest. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)). In addition, although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Thus, it is well-established that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.")

This allegation fails to state a claim.

**V.      Conclusion and Order**

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1. The complaint is dismissed for failure to state a claim;
2. Further leave to amend is denied;
3. Dismissal counts as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and
4. The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated:   March 6, 2017                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE